IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID CHAPPELL, individually, and
on behalf of a class of similarly situated
individuals,

    Plaintiff,

      v.

MERCEDES-BENZ USA, LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-1989-TWT

## OPINION AND ORDER

This is a products liability case. It is before the Court on Defendant Mercedes-Benz USA, LLC ("MBUSA")'s Motion to Dismiss [Doc. 40]. As set forth below, MBUSA's Motion to Dismiss [Doc. 40] is GRANTED.

### I.    Background[1]

This case involves allegedly defective wheel configuration in the Class Vehicles.[2] Mercedes-Benz Group AG ("MBAG") is a German multinational automotive corporation that "designs, manufacturers, and distributes automobiles[] as well as parts for Mercedes and Maybach branded vehicles." (Am. Class Action Compl. ¶ 86). Mercedes-Benz USA, LLC ("MBUSA") is a

---

[1] The Court accepts the facts as alleged in the Amended Class Action Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

[2] The Class Vehicles are "any model year 2021-present Mercedes-Benz vehicles equipped with 21" AMG V-multispoke wheel configuration." (Am. Class Action Compl. ¶ 1).

North American subsidiary of MBAG. (*Id.* ¶ 85). During all relevant times, MBUSA "was engaged in the business of marketing, distributing, servicing, and selling Mercedes branded automobiles and other motor vehicles and motor vehicle components in Nevada, California, Florida, and throughout the United States of America." (*Id.*). The Named Plaintiffs [3] are individuals who purchased or leased any Class Vehicle. (*Id.* ¶¶ 14, 26, 42, 54, 65).

The Plaintiffs allege that the 21" wheel configuration in the Class Vehicles "is insufficient to withstand the weight of such vehicles, which results in the failure of its structural integrity." (*Id.* ¶ 95). That in turn leads to "sudden and repeated tire blowouts, tire punctures, sidewall bubbling, tire deflation, and cracked rims that necessitate costly repairs and replacements." (*Id.*). The Defendants allegedly knew of this defect but failed to disclose that knowledge. (*Id.* ¶¶ 8, 100-115). Then, when individuals brought their Class Vehicles to authorized Mercedes-Benz dealerships for repairs, the Defendants systematically denied coverage under the warranty. (*Id.* ¶ 8). Based on these events, the Named Plaintiffs filed a putative class action on behalf of all individuals in the United States who purchased or leased any Class Vehicles (as well as several sub-classes) for breach of warranty, unjust enrichment, and deceptive trade practices. (*Id.* ¶¶ 136, 143-376). MBUSA now moves to dismiss

---

[3] The Named Plaintiffs are David Chappell, Richard Baldwin, Michelle Cockerham, Upender Reddy Gone, and Nidal Barakat. (Am. Class Action Compl. ¶ 1).

all claims against it.

## II.    Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

## III.    Discussion

The Court starts by considering the arguments about the Named Plaintiffs' fraud-based claims, then addresses their breach of warranty and unjust enrichment claims, and concludes with their claim for declaratory and injunctive relief.

### A. Fraud-Based Claims (Counts II, VI, VII, X, & XIV)

MBUSA argues that the fraud-based claims should be dismissed because it disclosed the load limitation and the possibility of tire damage. (Def.'s Br. in Supp. of Mot. to Dismiss, at 6-8). The Named Plaintiffs argue that the identified disclosures are irrelevant and were not provided prior to the sale of the vehicles. (Pls.' Br. in Opp'n to Mot. to Dismiss, at 1-3). The Court finds that dismissal of these claims is appropriate.

MBUSA points to statements stamped on the vehicles and their tires as well as statements contained in the Owner's Manual to show that it has made proper disclosures. (Def.'s Br. in Supp. of Mot. to Dismiss, at 6-8). The Owner's Manual states, "[o]verloaded tires may overheat and burst as a consequence." (Owner's Manual, Doc. 41-2[4], at 380).[5] It goes on to explain where to find the

---

[4] MBUSA has provided the entirety of the Owner's Manual on the docket, which spans across two entries: Doc. 41-1 and 41-2. All the relevant statements are in Doc. 41-2. Moreover, the Court cites to the internal pagination rather than the PDF pagination.

[5] "Extrinsic material that is referred to in the operative complaint and attached to a motion to dismiss may be considered by the court at the pleading stage if the attached material [is] (1) central to the plaintiff's claim and (2) the

4

maximum tire load on the tire, where to find the loading information printed on the vehicle, and how to calculate the correct load limit. (*Id.* at 380-84). It also warns that "[l]arge wheels have a smaller section width. As the section width decreases, the risk of wheels and tires being damaged when driving over obstacles increases." (*Id.* at 393).

The Named Plaintiffs contend that this is not a sufficient disclosure. They assert that the Owner's Manual is not provided until after the vehicle is purchased, so it does not count as pre-sale disclosure. (Pls.' Br. in Opp'n to Mot. to Dismiss, at 2). However, as stated above, the load limits are printed on the vehicle and tires, which was available to the Named Plaintiffs prior to purchase. Additionally, the owner's manuals for each model of Mercedes-Benz vehicles are available upon request and online at https://www.mbusa.com/en/owners/manuals. [6] Therefore, the Court finds unpersuasive the Named Plaintiffs' argument that this does not constitute pre-sale disclosure simply because they received a physical copy of the owner's

---

authenticity of the document is not challenged." *Jackson v. City of Atlanta, Ga.*, 97 F4th 1343, 1350 (11th Cir. 2024) (quotation marks and citation omitted). The Amended Class Action Complaint refers to the Owner's Manual. (Am. Class Action Compl. ¶ 122). The Named Plaintiffs do not challenge the authenticity of the Owner's Manual that MBUSA has provided (or otherwise contest MBUSA's reliance on it). The Court finds that the Owner's Manual is central to the Named Plaintiffs' claims and therefore concludes that it may consider the document for the purposes of ruling on this Motion.

[6] Each of the Named Plaintiffs state that they used the Mercedes-Benz website to research the vehicle they purchased before buying it. (Am. Class Action Compl. ¶¶ 16, 28, 44, 56, 67).

manual after purchasing the vehicle.

The Named Plaintiffs also contend that the statements made in the Owner's Manual are irrelevant because

> Plaintiffs' fraud claims are not predicated on Mercedes's failure to comply with NHTSA's load limitation regulations. Instead, Plaintiffs allege Mercedes failed to disclose (a) "any and all known material defects or material nonconformity of the Class Vehicles"; (b) that the Class Vehicles "were not in good working order, were defective, and were not fit for their intended purposes"; and (c) Merecedes [sic] was aware of these wheel and tire defects as early as 2021.

(*Id.*). These statements underscore the shapelessness of the Named Plaintiffs' allegations. The Amended Class Action Complaint twice states that the defect is that "[t]he 21" Wheel Configuration in use on the Class Vehicles is insufficient to withstand the weight of such vehicles." (Am. Class Action Compl. ¶¶ 4, 95). Yet now that MBUSA has shown disclosures as to the load limits and the risk of larger wheels, the Named Plaintiffs state their claims are not predicated on the failure to comply with load limitation regulations. (Pls.' Br. in Opp'n to Mot. to Dismiss, at 2). They do not, however, point to what the actual defect is.

Later in the Amended Class Action Complaint, there is a passing reference to the fact that "Mercedes knew or should have known the *bumper covers and air inlets* were defective and prone to put drivers in a dangerous position due to the inherent risk of the Wheel Configuration Defect." (Am. Class Action Compl. ¶ 108) (emphasis added). Outside of that paragraph, there

6

is no further reference to the bumper covers or air inlets or explanation as to how they are defective or cause risk to the driver or the vehicle.

Meanwhile, the paragraphs with customer complaints suggest that the problem is not even with the vehicles themselves but rather with the Pirelli tires that Mercedes-Benz uses. (*Id.* ¶¶ 104-05). One complaint states, "I have had 3 tire failures(blowouts)when I have hit potholes with my 21" wheels and Pirelli p zero tires. I read on a MBZ forum for my specific make of car - 2021/2022 MBZ s580 - that many others have experienced the same failures with these Pirelli tires. Those that have Michelin have had none." (*Id.* ¶ 104). Another says, "[i]t is common to have both the front and the rear tire fail after going over the same pothole, or in some instances the front tire failed while the rear developed a bubble and needed to be replaced as well. The only solution that people found was to replace Pirelli tires with Michelin pilot 4s tires in the same size." (*Id.*). Yet another states that a dealer (who owned the same vehicle) "just told me that he went through 9 tires in 3 months until he started asking his dealership to replace them with Michelins and eventually got all 4 replaced. Hasn't had any blowouts since then. So basically, he confirmed what we all already know. Michelins = great, Pirellis = suck." (*Id.* ¶ 105).

After reading all of this, one is left wondering what defect is even being alleged. That is fatal to these claims. The Named Plaintiffs cannot handwave

toward some amorphous defect causing tire damage and then argue that whatever disclosures MBUSA provided "fall far short of any true disclosure that would negate Plaintiffs' fraud claims." (Pls.' Br. in Opp'n to Mot. to Dismiss, at 2). Because of the vagueness of the Named Plaintiffs' claims, the Court cannot even discern what disclosures the Plaintiffs would find to be sufficient.[7] That is not an academic concern. If a defendant is not provided notice as to what defect is being alleged, then it is denied a real opportunity to challenge the sufficiency of the allegations. MBUSA (reasonably) thought this case was about load limitations and argued in its Motion to Dismiss about how it adequately disclosed the load limitations and the risks of larger wheels. If the case was about the bumper covers, air inlets, or the tires, then presumably there would have instead been arguments about the conclusory nature of those allegations or about whether they can be held liable for tires manufactured by Pirelli. The Named Plaintiffs' pleading has improperly denied MBUSA that opportunity.

In a last-ditch effort, the Named Plaintiffs argue that "[d]iscovery is needed to determine whether Plaintiffs or Mercedes are correct, and dismissal at the pleading stage based on [the disclosure's] language would be contrary to Supreme Court and 11th Circuit authority." (Pls.' Br. in Opp'n to Mot. to

---

[7] Apparently, disclosing that larger wheels have a higher risk of being damaged is insufficient to the Named Plaintiffs. (Pls.' Br. in Opp'n to Mot. to Dismiss, at 2).

Dismiss, at 2-3). This argument is unavailing. The Named Plaintiffs conspicuously neglect citing to any cases to support their contention that dismissal would go against Supreme Court and Eleventh Circuit authority. More importantly, they fail to realize that they have the burden to plausibly state a claim before discovery is unlocked. *See Inman v. Am. Paramount Fin.*, 517 F. App'x 744, at 749 (11th Cir. 2013) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." (quoting *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981))); *Kaplan v. Cal. Pub. Emps.' Ret. Sys.*, 1998 WL 575095, at *6 (N.D. Cal. Sept. 3, 1998) ("Plaintiff has relied on wholly conclusory allegations at the pleading stage while hoping to find data to support his claim through discovery; such fishing expeditions are not permissible under federal discovery rules."). The Named Plaintiffs may not insist on discovery before being required to identify a defect.

Each of the Named Plaintiffs' fraud-based claims are premised on the existence of a defect that MBUSA allegedly failed to disclose. (Am. Class Action Compl. ¶¶ 161, 236, 239, 256, 259, 261 264, 266, 319-20, 322, 325, 364-65).[8]

---

[8] A UCL claim may adequately state a claim if the alleged actions are unfair, fraudulent, or illegal. *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Call App. 4th 1544, 1554 (2007). The Named Plaintiffs base the unfair and fraudulent prongs on the existence of an undisclosed defect and fail as such. (Am. Class Action Compl. ¶¶ 256, 259). The illegal prong is based on committing fraudulent and/or unfair business practices and breaching its warranty obligations. (*Id.* ¶¶ 260-264). Since the Court finds that the Named

Since the Court finds that the Named Plaintiffs have not plausibly alleged a defect, all of those claims (Counts II, VI, VII, X, & XIV) will be dismissed.

### B. Breach of Express Warranty Claims (Counts I, IV, VIII, & XI)

The Amended Class Action Complaint also alleges that MBUSA breached its express warranties to the Named Plaintiffs by not covering the repairs for their damaged wheels and/or tires. (Am. Class Action Compl. ¶¶ 143-156, 181-203, 276-294, 332-341). The Court finds that the Named Plaintiffs have not stated their claims for breach of express warranty.

"A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Cipollone v. Liggett Grp, Inc.*, 505 U.S. 504, 525 (1992). The New Vehicle Limited Warranty ("NVLW") states, *inter alia*, that "[d]amage to the tires such as punctures, cuts, snags, bruises, impact damage and breaks resulting from pothole impact, curb impact, or from other objects/road hazards is not covered . . . Damage to the rims resulting from pothole impact, curb impact, or from other objects/road hazards is not covered." (NVLW, Doc. 41-3, at 18).[9] MBUSA argues that this

---

Plaintiffs do not state claims for their fraud-based claim or their warranty claims, this also fails and the whole claim should be dismissed.

[9] As stated above, "[e]xtrinsic material that is referred to in the operative complaint and attached to a motion to dismiss may be considered by the court at the pleading stage if the attached material (1) central to the plaintiff's claim and (2) the authenticity of the document is not challenged." *Jackson*, 97 F4th at 1350 (quotation marks and citation omitted). The Amended Class Action Complaint refers to the NVLW. (Am. Class Action Compl. ¶¶ 123, 125, 150, 194). The Named Plaintiffs do not challenge the

language shows that the Named Plaintiffs' damages were not covered by the NVLW. (Def.'s Br. in Supp. of Mot. to Dismiss, at 12-13). In response, the Named Plaintiff states, "Plaintiffs do not merely allege incidental tire damage, but a known Wheel Configuration Defect." (Pls.' Br. in Opp'n to Mot. to Dismiss, at 8). However, as already stated above, the Named Plaintiffs fail to plausibly allege a defect. Thus, the NVLW excludes the tire damage that the Named Plaintiffs experienced.

The Named Plaintiffs also argue that the NVLW is unconscionable. "Plaintiffs are not arguing unconscionability due to 'time and mileage limitations,' but rather their wholesale preclusion and failure to remedy the defect, despite their knowledge." (*Id.* at 16). Since the Named Plaintiffs failed to plausibly allege a defect and since MBUSA could not have knowledge of a defect that did not exist, this argument fails. The Court agrees with MBUSA that the Named Plaintiffs' damages were excluded from the warranty and that that warranty was not unconscionable. These claims (Counts I, IV, VIII, & XI) will be dismissed as such.

---

authenticity of the NVLW that MBUSA has provided (or otherwise contest MBUSA's reliance on it). The Court finds that the NVLW is central to the Named Plaintiffs' claims and therefore concludes that it may consider the document for the purposes of ruling on this Motion.

## C. Breach of Implied Warranty Claims (Counts III, V, IX, & XII)

The Named Plaintiffs' breach of implied warranty claims fail for similar reasons. "The implied warranty of merchantability is breached when the goods manifest a defect which renders them unfit for the ordinary purpose for which they are used." *Underwood v. O'Reilly Auto Parts, Inc.*, 671 F. Supp. 3d 1180, 1193 (D. Nev. 2023) (quotation marks and citation omitted); *see also Bem v. Stryker Corp.*, 2015 WL 6089819, at *2 (N.D. Cal. Oct. 6, 2015) ("To plead a claim for breach of implied warranty, a plaintiff must allege facts showing how the subject product is not 'fit for the ordinary purposes for which such [products] are used' or how the product is not 'fit for' the 'particular purpose' of the buyer." (citations omitted); *Armadillo Distrib. Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co. Ltd.*, 142 F. Supp. 3d 1245, 1254 (M.D. Fla. 2015) ("In order for goods to be merchantable, the goods must be 'fit for the ordinary purposes for which such goods are used,' among other requirements." (citations omitted)). Because the Named Plaintiffs fail to plausibly allege a defect, they fail to plausibly allege that the Class Vehicles are unmerchantable. Their breach of implied warranty claims (Counts III, V, IX, & XII[10]) fail as a result.

---

[10] The Magnuson-Moss Warranty Act "does not provide an independent cause of action for state law claims." *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1364 (N.D. Ga. 2013) (citation omitted). Accordingly, it fails along with the state law claims.

### D. Unjust Enrichment Claim (Count XIII)

MBUSA argues that the Named Plaintiffs' unjust enrichment claim fails because an express agreement exists, namely the NVLW. (Def.'s Br. in Supp. of Mot. to Dismiss, at 32-33). "Unjust enrichment is an equitable remedy that applies when no valid and enforceable contract exists between the parties." *Callen v. Daimler AG*, 2020 WL 10090879, at *13 (N.D. Ga. June 17, 2020) (citation omitted). The Named Plaintiffs respond by asserting that they may plead unjust enrichment in the alternative. (Pls.' Br. in Opp'n to Mot. to Dismiss, at 37-38); *see also Techjet Innovations Corp. v. Benjelloun*, 203 F. Supp. 3d 1219, 1234 (N.D. Ga. 2016) ("Typically a party may plead unjust enrichment as an alternative to a breach of contract claim, even though it may not recover under both theories." (citation omitted)). However, "courts have held that a plaintiff may not plead an unjust enrichment claim in the alternative to a claim for breach of contract when it is undisputed (or when the court has found) that a valid contract exists." *Techjet Innovations Corp.*, 203 F. Supp. 3d at 1234 (citation omitted).

Here, there is no dispute that the NVLW exists and covers repair obligations as to the Class Vehicles' tires. The Named Plaintiffs challenge the validity of the contract on fraud, unconscionability, and voidability grounds. (Pls.' Br. in Opp'n to Mot. to Dismiss, at 37). Yet, the Court has found those allegations to be inadequate. Consequently, the Named Plaintiffs may not

assert an unjust enrichment claim in the alternative. The Court will dismiss Count XIII.

### E. Declaratory and Injunctive Relief Claim (Count XV)

Finally, the Named Plaintiffs seek declaratory and injunctive relief. (Am. Class Action Compl. ¶¶ 372-76). "In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (citation omitted). As set forth above, the Named Plaintiffs fail to adequately allege any violation. Therefore, the Court will dismiss this claim.

## IV.   Conclusion

For the foregoing reasons, MBUSA's Motion to Dismiss [Doc. 40] is GRANTED.

SO ORDERED, this ___7th___ day of April, 2025.

THOMAS W. THRASH, JR.
United States District Judge

14