IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OFGEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID CHAPPELL, RICHARD BALDWIN, MICHELLE COCKERHAM, NIDAL BARAKAT, and UPENDER REDDY GONE, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC AND MERCEDES-BENZ GROUP AG,<br><br>Defendants. | Civil Action No. 1:24-cv-01989-TWT |

**M****ERCEDES-****B****ENZ** **USA, LLC'****S** **M****OTION FOR** **E****NTRY OF** **F****INAL** **J****UDGMENT**

Pursuant to Federal Rule of Civil Procedure 58, Mercedes-Benz USA, LLC ("MBUSA") hereby moves this Court for entry of final judgment, and in support thereof, states as follows:

1. Entry of final judgment is now mandatory, as the Court has "denie[d] all relief" as to the only served defendant in the case, MBUSA. *See* Fed. R. Civ. P. 58(b)(1)(C). "[A] defendant who has not been served with process is not a party for purposes of Fed. R. Civ. P. 54(b)," making final judgment and appealability under 28 U.S.C. § 1291 proper where—as here—the case as to the served defendant

1

(MBUSA) has been adjudicated. *Insinga v. LaBella*, 817 F.2d 1469, 1470 (11th Cir. 1987); *see, e.g.*, *O'Neal v. American Shaman Franchise Sys., Inc.*, 2024 U.S. App. LEXIS 20595, at *2 (11th Cir. Aug 14, 2024) (where one defendant "was never served with process . . . he is not a party to those proceedings for purposes of finality, and the district court's order" resulted in an appealable final judgment on the granting of judgment on the pleadings as to the served defendants).

2. There is no basis to delay entry of final judgment in this case. Plaintiffs have had eleven months to effect service on the (lone) unserved defendant in this matter, Mercedes-Benz Group AG ("MBG"). It would be too late to serve MBG in this action now. *Regenicin, Inc. v. Lonza Walkersville, Inc.*, 997 F. Supp. 2d 1304, 1318 (N.D. Ga. 2014) (finding a plaintiff must satisfy a due diligence standard when serving a foreign defendant); *Mumford v. Carnival Corp.*, 5 F. Supp. 3d 1365, 1366 (S.D. Fla. 2014) (dismissing claims because "242 days had passed since the Plaintiff filed her Complaint" and "there is no indication on the record that Plaintiff made any attempt to serve" the foreign defendants); *see also Feliz v. MacNeill*, 493 Fed. Appx. 128, 131 (1st Cir. 2012) ("[C]ourts have leave to dismiss for failure to serve abroad when a plaintiff is dilatory."); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (time allowed for foreign service is not unlimited, and "if, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court

to dismiss the claim"); *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133 (2d Cir. 2005) (dismissing action against unserved foreign defendant when plaintiff did not attempt service). Where "the only indication of possible 'further adjudication' as to the unserved defendants was the mere fact that they had been named in the complaint and process had been issued for them over a year previously," the Court could not rule that "further adjudication" was possible, as there would be "essentially nothing left" of the general rule that resolution of the case as to the served defendant results in a final judgment. *Federal Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1473 n.3 (5th Cir. 1990).

3. Further, a final judgment is the proper result where, as here, the reasoning of the Court's Order granting MBUSA's motion to dismiss (Dkt. 54) would be equally applicable to the unserved defendant (MBG), rendering any attempted prosecution of those claims futile. *See, e.g.*, *Singleton v. Garden City, Ga.*, 2021 WL 765574, at *4 (S.D. Ga. Feb. 26, 2021) (dismissing claims against unserved defendants when allowing the claims to proceed "would be futile and a needless use of time and resources"); *Franklin v. Giurbino*, 2017 WL 24862, at *6 (N.D. Cal. Jan. 3, 2017) (dismissing claims against unserved defendants because "the allegations against [them] are the same as [the dismissed claims] against the other served Defendants" and "[t]here [was] no suggestion in the complaint or in

3

the briefs" that analysis would differ for unserved defendants as opposed to served defendants), *appeal dismissed*, 2017 WL 3951862 (9th Cir. July 13, 2017).

WHEREFORE, MBUSA respectfully requests that the Court grant its motion and enter final judgment in the form attached hereto as Exhibit 1, as well as any other relief it deems just and proper.

Dated: April 9, 2025                    Respectfully submitted,

*/s/ S. Wade Malone*
S. Wade Malone (GA Bar No. 468015)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th St. NW, Suite 1700
Atlanta, GA 30363
Tel: (404) 322-6000
Wade.Malone@nelsonmullins.com

Shawn R. Obi (*pro hac vice*)
**WINSTON & STRAWN LLP**
333 South Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel: (213) 615-1700
SObi@winston.com

Natalie Holden (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
NHolden@winston.com

*Attorneys for Defendant Mercedes- Benz USA, LLC*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, in compliance with Local Rule 5.1(C), that the foregoing pleading has been prepared using 14-point Times New Roman font, with margins of not less than 1 inch.

Dated:  April 9, 2025

                                                          */s/ S. Wade Malone*
                                                         S. Wade Malone