IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID CHAPPELL, individually, and on behalf of a class of similarly situated individuals,

    Plaintiff,

      v.

MERCEDES-BENZ USA, LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-1989-TWT

**OPINION AND ORDER**

This is a products liability case. It is before the Court on the Defendant Mercedes-Benz USA, LLC's ("MBUSA") Motion for Judgment [Doc. 55]. For the following reasons, that Motion is GRANTED.

## I. Background

This case involves an allegedly defective wheel configuration in certain Mercedes-Benz vehicles. (Am. Class Action Compl. ¶ 86). On April 7, 2025, the Court entered an order granting MBUSA's Motion to Dismiss [Doc. 40] on Rule 12(b)(6) grounds, dismissing all of the claims against it. (Op. & Order dated Apr. 7, 2025, [Doc. 54], at 1 ("Order")). This did not end the case, however, because Defendant Mercedes-Benz Group, AG ("MBAG") had not been served and thus did not join in the Motion to Dismiss. To date, MBAG still has not been served.

Two days after the Court granted the Motion to Dismiss, MBUSA moved for entry of final judgment pursuant to Fed. R. Civ. P. 58(b)(1)(C), arguing that judgment should be entered notwithstanding the fact that MBAG is still technically a party to the case since it had not been served. (MBUSA's Mot. for J., at 1-4). The Plaintiffs oppose the Motion, arguing that it is premature because they intend to move to amend the complaint under Fed. R. Civ. P. 15(a)(2). (Pls.' Resp. in Opp'n to Mot. for J., at 2-3). They also assert that the Court did not grant MBUSA's Motion to Dismiss with prejudice. (*Id.* at 3).

## II. Discussion

There is no serious question that the Court's dismissal of the claims against MBUSA in the Order was with prejudice. It is axiomatic that a Rule 12(b)(6) dismissal is an adjudication on the merits, which is presumed to be with prejudice unless the Court orders otherwise. Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise . . . any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."); *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. App'x 925, 929 (11th Cir. 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("An adjudication on the merits is, in turn, presumed to operate as a dismissal with prejudice unless the district court specifies otherwise.") The Court did not order otherwise here. Therefore, the claims were dismissed with prejudice.

The Court next turns to the Plaintiffs' concerns about leave to amend. When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Rule 15(a)(2) operates within the confines of Rule 7(b), which provides that a "request for a court order must be made by [a] motion" that "state[s] with particularity the grounds for seeking the order" and "state[s] the relief sought. Fed. R. Civ. P. 7(b). In the context of motions for leave to amend, the Eleventh Circuit has interpreted Rule 7(b) to require attaching a proposed amended complaint to a motion for leave to amend if the motion itself does not fully "set forth the substance of the proposed amendment." *Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, 93 F.4th 1315, 1336 (11th Cir. 2024). Rule 7(b)'s formal motion requirement is strictly construed, with the Eleventh Circuit holding that "where a request for leave to file an amended complaint simply is embedded within an opposition memorandum, the issue has not been raised properly." *Id.*

The Court neither considered nor granted the Plaintiffs leave to amend in the Order because that request was not properly made. The Plaintiffs made the request in a one-sentence, throwaway argument buried in a footnote of their response brief with no explanation of their proposed amendment. *See id.*

3

Because the request was not properly presented in a motion that argued the Rule 15 factors and attached the proposed amended complaint or explained the substance of the proposed amendment, the Court was not obligated to consider it. Nor is the Court inclined to grant such a motion now; despite the Plaintiffs' insistence that its planned motion for leave to amend was "forthcoming," nearly seven months have passed and still no such motion has been filed. *See Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted) (noting that leave to amend may not be granted where there has been undue delay). The Plaintiffs reference Rule 15's leniency standard, but that leniency is not required "where a plaintiff has been represented by counsel." *Eiber Radiology, Inc.*, 673 Fed. App'x at 929.

That leaves only the issue of MBAG, the outstanding defendant in this case who has yet to be served. Notably, the Plaintiffs do not address this issue in their response. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2018). Although Rule 4(m)'s 90-day timeline does not apply to service on a foreign corporation under Rule 4(h)(2), the Court is not obligated to sit idly by waiting for the Plaintiffs to attempt service on MBAG when this action has been pending for a year and a half. *See Regenicin, Inc. v. Lonza Walkersville, Inc.*, 997 F. Supp. 2d. 1304, 1317-18 (N.D.Ga. Feb.

4

14, 2014) (noting that the Eleventh Circuit has not yet decided how long a plaintiff has to effect service under the Hague Convention but concluding that a due diligence standard ought to apply). Accordingly, the Court will dismiss MBAG without prejudice for lack of jurisdiction due to lack of service. With no claims remaining to be resolved and the outstanding defendant dismissed, the Court agrees with MBUSA that final judgment is due to be entered pursuant to Fed. R. Civ. P. 58(b)(1)(C).

### III. Conclusion

For the foregoing reasons, the Defendant Mercedes-Benz USA, LLC's Motion for Judgment [Doc. 55] is GRANTED. Defendant Mercedes-Benz Group, AG is DISMISSED without prejudice for lack of jurisdiction due to lack of service.

SO ORDERED, this __19th__ day of November, 2025.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge